UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ALEJANDRO VEGA,

                                  Petitioner,                    9:05-CV-0533
                                                                 (TJM)(DRH)

        v.

T.R. CRAIG,

                                  Respondent.

APPEARANCES:

ALEJANDRO VEGA
Petitioner, pro se
20253-038
FCI Ray Brook
P.O. Box 9007
Ray Brook, NY 12977

THOMAS J. McAVOY, SENIOR DISTRICT JUDGE

                          **DECISION and ORDER**

**I.    Background**

        Presently before the Court is a petition for habeas corpus brought by Alejandro

Vega ("Petitioner") pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  Petitioner has paid the

filing fee for this action.

        Petitioner, who is confined at the Federal Correctional Institution at Ray Brook,

New York, brings this action to challenge his conviction in July, 1995, on multiple

narcotics-related charges and the sentence imposed thereon by the United States

District Court for the District of Massachusetts.  Dkt. No. 1 at 3.  Petitioner states that

he was sentenced as a Career Offender under the provisions of the United States

Sentencing Guidelines to a term of three hundred sixty months imprisonment.

Petitioner's convictions and sentence were affirmed by the United States Court of

Appeals for the First Circuit, and the United States Supreme Court denied certiorari in 1997. *United States v. Vega*, 102 F.3d 1301 (1st Cir. 1996), *cert. denied*, 520 U.S. 1192 (1997). Petitioner states that he filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court which that court denied. Dkt. No. 1 at 5; *see Vega v. United States*, 23 Fed. Appx. 21, 2002 WL 15856 (1st Cir. Jan. 3, 2002) (per curiam) (affirming district court's dismissal of § 2255 motion as a second or successive and denying leave to file second or successive § 2255 motion).

In support of this petition, Petitioner claims that he is entitled to resentencing. According to Petitioner, the sentencing court determined that he could be sentenced as a Career Offender on the basis of facts which were not charged in the indictment, admitted by the petitioner, nor found by a jury. Dkt. No. 1 at 3. Relying on the recent decision of the United States Supreme Court in *Shepard v. United States*, __ U.S. __, 125 S.Ct. 1254 (Mar. 7, 2005), Petitioner asserts that these findings violated his Sixth Amendment right to a jury trial, and that he is therefore entitled to resentencing. Dkt. No. 1 at 3, 10.[1] Petitioner requests that the petition be transferred to the District of Massachusetts (the sentencing court) for resentencing. Dkt. No. 1 at attached p. 15.

## II.    Discussion

### A.    Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence may file a motion in the sentencing court

---

[1] Petitioner does not claim that he is actually innocent of the crimes of which he was convicted.

pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372

F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.

1997).  That right, however, is not unlimited.  Rather, § 2255 contains a gatekeeping

provision that limits a petitioner's ability to file a second or successive § 2255 motion.

The statute provides, in pertinent part, that

> [a] second or successive motion must be certified as provided in section
> 2244 by a panel of the appropriate court of appeals to contain--
>      (1) newly discovered evidence that, if proven and viewed in light of
> the evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder would have found the
> movant guilty of the offense; or
>       (2) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper means to

challenge the execution of a sentence.  *Adams*, 372 F.3d at 134; 28 U.S.C. § 2241.

For example, a § 2241 petition may be used to challenge computation of a sentence by

federal officials, parole decisions, or certain prison disciplinary actions.  *See Jiminian v.*

*Nash*, 245 F.3d 144, 146 (2d Cir. 2001).  A federal prisoner may generally not seek

relief from his conviction or sentence pursuant to a § 2241 petition.

**B.     Section 2255's Savings Clause**

There is an exception to the bar against a federal prisoner using a § 2241

petition to collaterally attack a federal conviction.  Pursuant to the so-called "savings

clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that

his remedy under § 2255 is "inadequate or ineffective to test the validity of his

detention."  28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir.

3

1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman*. The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.[2] Therefore, where a petitioner claims that the § 2255 remedy is not available, and also asserts a claim of actual innocence that can be proved upon the existing record and could not have been asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003); *see also Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003).[3]

---

[2] Courts which have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations. *See, e.g.*, *Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian*, 245 F.3d at 147-48 (§ 2255 remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not inadequate and ineffective simply because the petitioner allowed the one year statute of limitations to expire); *Triestman*, 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (the § 2255 remedy is not inadequate or ineffective for purposes of the savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[3] In *Cephas*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'" *Cephas*, 328 F.3d at 104 (*citing Triestman*, 124 F.3d at 378). The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can

### C.    Petitioner's Application Under the Savings Clause

Petitioner argues that the enhancement of his sentence based upon facts which were not charged in the indictment, admitted by Petitioner, nor found by a jury beyond a reasonable doubt, violated his Sixth Amendment right to a jury trial.  These assertions clearly challenge Petitioner's convictions and the imposition of his sentence, and not the execution of his sentence.  Thus, Petitioner's remedy lies with § 2255, unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.[4]

In this case, however, nothing in Petitioner's application establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention. While it appears that the § 2255 remedy is unavailable to Petitioner,[5] that alone does not establish that the remedy is inadequate or ineffective.  Furthermore, the Court also

_____

prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.*(quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

[4]  Of course, even if the First Circuit Court of Appeals was to certify a second or successive § 2255 motion, this Court would lack jurisdiction to entertain that motion because it must be filed in the sentencing court.  *See* 28 U.S.C. § 2255.

[5]  In *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme Court considered the question of whether new rules of constitutional law apply retroactively to second or successive petitions, and concluded that "a new rule is not 'retroactive to cases on collateral review' **unless the Supreme Court holds it to be retroactive**."  *Id.* at 663 (emphasis added) (footnote omitted).  Thus, until the Supreme Court holds that *Shepard* applies retroactively to cases on collateral review, Petitioner cannot raise challenges based thereon as a basis for a second or successive § 2255 motion.  *See Olivas-Gutierrez v. United States*, 2005 WL 1241871 at *4 (W.D. Tex. May 19, 2005); *Langley v. United States*, 2005 WL 1114710 at *2 (M.D.N.C. May 5, 2005); *Morales v. United States*, 2005 WL 807051 at *7 (D. Minn. Apr. 7, 2005).

5

concludes that its denial of Petitioner's request to proceed under § 2255's savings clause does not raise a "serious constitutional question."  *Love*, 333 F.3d at 73.

The Court finds support for this conclusion in the Second Circuit's decision in *Love*, in which it concluded that foreclosing an *Apprendi* challenge under § 2255's savings clause did not raise serious constitutional questions.  Quoting the Eighth Circuit, the *Love* court stated:

> [w]e believe th[e] argument [that prisoners should be able to file under section 2241 because *Apprendi* claims are not reviewable under section 2255] is flawed because it attributes blame to the wrong source. [Petitioners] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is *Apprendi* itself, not the remedy by § 2255 motion.

*Love*, 333 F.3d at 74 (quoting *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir.), *cert denied*, 537 U.S. 869 (2002)).  Likewise, in this case, because *Shepard* has not been made retroactive to cases on collateral review, it is not § 2255's gatekeeping provision that is responsible for Petitioner's inability to raise his Sixth Amendment claims; rather, it is the unavailability of the *Shepard* claims themselves.

Therefore, the Court finds that § 2255's savings clause does not apply to this case and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[6] Accordingly, the Court dismisses the petition without prejudice.

---

[6] Even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition. *See* 28 U.S.C. § 2255.

**D.       Request to transfer**

Petitioner requests this Court to transfer this petition to the District of

Massachusetts.  In light of the dismissal of the petition, this request is denied as moot.

**III.     Conclusion**

Accordingly, for the reasons set forth above, it is hereby

ORDERED**,** that the petition in this action is dismissed without prejudice, and it is

further

ORDERED, that Petitioner's request to transfer this action is denied as moot,

and it is further

ORDERED. that the Clerk serve a copy of this Decision and Order on Petitioner.

IT IS SO ORDERED.

Dated: June 9,2005

Thomas J. McAvoy

Senior, U.S. District Judge